UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
CASE NO. 22-61294-MC-ALTMAN/HUNT

LARRY D. STRUTTON and
CAROLYN A. STRUTTON,

    Plaintiffs,
v.
LESLIE SCOTT ANDERSON

    Defendant.
_____/

## **REPORT AND RECOMMENDATION**

THIS CAUSE is before this Court on Defendant's Motion for Declaratory Judgment, ECF No. 40. The Honorable Roy K. Altman, United States District Judge, referred this Motion to the undersigned for disposition. *See* 28 U.S.C. § 636(b); S.D. Fla. Mag. R. 1. Having carefully reviewed the Motion, the Response, the arguments of counsel at a March 29, 2023 hearing, the entire record, and applicable law, and being otherwise fully advised in the premises, the undersigned respectfully RECOMMENDS that the Motion be DENIED for the reasons outlined below.

Defendant asks this Court to determine whether a breach of the forbearance agreement that underlies this case occurred. Plaintiffs respond by citing Eleventh Circuit case law holding that a Motion for Declaratory Judgment is an improper vehicle for Defendant's request.

Plaintiffs are correct. As the court in *Fortran Grp. Int'l Inc. v. Tenet Hosp. Ltd.*, observed:

> The Eleventh Circuit Court of Appeals recently observed that "a party may not make a *motion* for declaratory relief, but rather, the party must bring an *action* for a declaratory judgment." *Thomas v. Blue Cross & Blue Shield Ass'n,* 594 F.3d 823, 830 (11th Cir.2010) (citing *Kam–Ko Bio–Pharm Trading Co., Ltd.-Australasia v. Mayne Pharma,* 560 F.3d 935, 943 (9th Cir.2009)). The Federal Rules of Civil Procedure govern the procedure for obtaining a declaratory judgment under 28 U.S.C. § 2201. Fed.R.Civ.P. 57. Thus, declaratory judgment must be sought through the filing of a complaint, and motions for declaratory judgment are improper in federal court.

*Fortran Grp. Int'l Inc. v. Tenet Hosp. Ltd*., No. 8:10-CV-01602-T, 2010 WL 4366380, at *1 (M.D. Fla. Oct. 28, 2010).

*Thomas v. Blue Cross & Blue Shield Ass'n*, relied on by the *Fortran Group* court, is instructive. There, the movant sought an order declaring that his claims were not released in a class action settlement. The Eleventh Circuit stated that the movant "did not file a complaint for a declaratory judgment…[but] instead filed a motion in a postjudgment proceeding." *Thomas,* 594 F.3d at 830. The *Thomas* Court noted that "[t]he Federal Rules of Civil Procedure 'govern the procedure for obtaining a declaratory judgment under 28 U.S.C. § 2201.'" *Id*. (quoting Fed. R. Civ. P. 57). "As a result, 'the requirements of pleading and practice in actions for declaratory relief are exactly the same as in other civil actions," including the requirement that "the action is commenced by filing a complaint." *Id*. (quoting 10B Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure* § 2768 (3d ed. 1998)).

This case is a post-judgment action to domesticate a foreign judgment, seeking to enforce a judgment against a judgment debtor. ECF No. 1. As such, Defendant's Motion is an improper vehicle through which to ask for the relief sought. Accordingly, Defendant's Motion for Declaratory Judgment should be denied.

2

## RECOMMENDATION

Based on the foregoing, the undersigned recommends that Defendant's Motion for Declaratory Judgment, ECF No. 40, be DENIED.

Within fourteen (14) days after being served with a copy of this Report and Recommendation, any party may serve and file written objections to any of the above findings and recommendations as provided by the Local Rules for this district. 28 U.S.C. § 636(b)(1); S.D. Fla. Mag. R. 4(b). The parties are hereby notified that a failure to timely object waives the right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions contained in this Report and Recommendation. 11th Cir. R. 3–1 (2018); *see Thomas v. Arn*, 474 U.S. 140 (1985).

DONE AND SUBMITTED at Fort Lauderdale, Florida this 30th day of March 2023.

_____
PATRICK M. HUNT
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Honorable Roy K. Altman
All Counsel of Record