UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 22-cv-61294-ALTMAN/Hunt

**LARRY D. STRUTTON**, *et al.*,

    *Plaintiffs*,

v.

**LESLIE SCOTT ANDERSON**,

    *Defendant*.

_____/

## ORDER

On November 17, 2023, Magistrate Judge Hunt issued a Report and Recommendation (the "R&R") [ECF No. 163], in which he suggested that we "issue[ ] a limited stay of post-judgment proceedings until a key issue [can] be determined" by the U.S. District Court for the District of Colorado.[1] *Id.* at 6. Judge Hunt added:

> This case arises out of a consent judgment entered by the United States Bankruptcy Court for the District of Colorado against Defendant in favor of Plaintiffs on January 18, 2018. The Parties entered into a forbearance agreement in which Plaintiffs agreed to forgo collecting on the consent judgment's entire amount at once if Defendant complied with the terms of the agreement. Plaintiffs now contend Defendant breached, thereby entitling Plaintiffs to collect the consent judgment's full amount immediately. Plaintiffs registered the consent judgment before this Court and commenced collections proceedings. Defendant has long argued that he is not, and has never been, in default . . . .
>
> A case out of the Middle District of Florida offers some insight as to what a court might do in a situation where a parallel case could be determinative of an instant matter. In *Stansell v. Revolutionary Armed Forces of Columbia (FARC)*, No. 8:09-CV-2308-T26MAP, 2011 WL 13359372 (M.D. Fla. Sept. 8, 2011), the District Court *sua sponte* issued a limited stay of post-judgment proceedings until a key issue could be determined by the Eleventh Circuit. The *Stansell* court reasoned that such a stay was "appropriate in order to conserve and prevent the needless expenditure of client and judicial resources in the event the decision . . . adversely impacts the validity" of the court's decision. The court determined "it ma[de] little sense to continue to authorize the issuance and service of writs of garnishment" if the authority underlying those

---

[1] *See Anderson v. Strutton, et al.*, 23-cv-01608-HEGARTY (D. Colo. June 23, 2023).

>   writs were found to be erroneous. *Id.*
>
>   The undersigned finds a similar situation exists here. This entire action rises and falls on whether Defendant is, indeed, in default. Since the beginning of this case Defendant has steadfastly maintained his position that he is not in default, and as this case has developed it has been shown that his position is not frivolous. The ultimate decision as to Defendant's argument is currently and properly before [the District of Colorado, where he asks that court to find that the default at issue here was not, in fact, a default at all]. Nonetheless, the Parties in this case continue to engage in significant litigation, necessitating considerable expenditures of judicial resources. The docket reflects well over one hundred filings and multiple hearings to determine the numerous issues that have arisen so far. Indeed, currently pending before this Court are Plaintiffs' Motion to Commence Proceedings Supplementary to Execution, Implead Third Party into Proceedings, and Issue a Statutory Notice to Appear. ECF No. 151. Plainly, there is the potential to engage in significant resource expenditure without clear guidance as to whether those resources should be spent at all. Here, as in *Stansell*, it makes little sense to continue to expend such resources by ruling on issues that may ultimately be undone by the Colorado court's decision.
>
>   Ultimately, the *Stansell* court denied all motions for issuance of writs of garnishment without prejudice to being renewed; stayed all proceedings to enforce the previously issued writs of garnishment; directed the Plaintiffs to serve a copy of the order staying the proceeding on all the entities to which writs of garnishment have previously been served; and directed Plaintiffs not to serve any unserved writs of garnishment. *Stansell*, No. 8:09-CV-2308-T-26MAP, 2011 WL 13359372, at *1–2. The undersigned would recommend the same be done here and that the case be stayed pending the outcome of the Colorado matter.

*Id.* at 1–2, 6–7.

The Plaintiffs timely objected to Judge Hunt's R&R. *See generally* Plaintiffs' Objections to the Report and Recommendations (the "Objections") [ECF No. 166]. On December 15, 2023, the Defendant responded to the Objections, noting that "Magistrate Hunt[,] exercising his broad discretion in conjunction with the case[,] simply found that proceeding forward and deferring to the ultimate decision in the Colorado action regarding the purported 'default' was the appropriate determination to avoid the burden of litigation on the parties and on the Court." Defendant's Response to Plaintiffs' Objections to the R&R (the "Response") [ECF No. 167] at 3. The Defendant, therefore, "requests this Court enter an Order approving the Report and Recommendations[.]" *Id.* at 4. This Order follows.

## THE LAW

District courts must review *de novo* any part of a magistrate judge's disposition that has been properly objected to. *See* FED. R. CIV. P. 72(b)(3). Although Rule 72 itself is silent on the standard of review, the Supreme Court has acknowledged that Congress's intent was to require a *de novo* review only where objections have been properly filed—and not when neither party objects. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate [judge]'s factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings.").

When a party timely objects to a magistrate judge's report and recommendation, the district judge must make a *de novo* determination "of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also Leonard v. Polk Cnty. Sheriff's Dep't*, 2019 WL 11641375, at *1 (M.D. Fla. Apr. 16, 2019) (Jung, J.). "Parties filing objections to a magistrate's report and recommendation must specifically identify those findings objected to. Frivolous, conclusive, or general objections need not be considered by the district court." *United States v. Tardon*, 493 F. Supp. 3d 1188, 1209 (S.D. Fla. 2020) (Lenard, J.) (quoting *Marsden v. Moore*, 847 F.2d 1536, 1548 (11th Cir. 1988)). "Those portions of a magistrate judge's report and recommendation to which no objection has been made are reviewed for clear error." *Ibid.*

## ANALYSIS

Under the section of the Objections titled "Plaintiffs Object to the Recommendation of Imposition of a Stay *Sua Sponte*," Objections at 5, the Plaintiffs offer the following two paragraphs:

> Defendant has vehemently opposed collections in every step of this proceeding but has never filed or officially sought any stay of these proceedings. Despite Defendant's indifference about a stay, the Report recommends imposition of a stay based on the pendency of the Colorado Proceeding, despite the fact that that Defendant did not seek a stay in his claims of exemption, nor did nonparty Kelly Gardiner seek a stay in her motion to dissolve the renewed writs of garnishment. [*See generally* D.E. 98; 99; 105; 125]. A stay is neither necessary nor appropriate in this matter. In the Colorado Proceeding, Defendant has included a count for anticipatory breach of contract. If

> Defendant is successful in that action, a part of the damages he could seek would be any amounts collected as part of these proceedings. To be sure, Plaintiffs feel strongly they will succeed in the Colorado Proceeding. In any event, and because of that available remedy, Defendant is protected against any improper collections and there is no reason to stay the Florida Proceeding.
>
> Defendant's counsel has proven to be competent in all facets of this matter. If they believed a stay was necessary, they would have made that request. However, the Report recommends imposition of a stay beyond the scope of any requested relief. Where Defendant did not seek a stay, and where there is no risk to Defendant in continuing with these collection proceedings given that he has a remedy, Plaintiffs object to the Report's recommendation that the Court stay this case.

Objections at 5–6. The Plaintiffs' principal argument, in other words, is that the Defendant never moved for a stay—and that the "imposition of a stay [would go] beyond the scope of any requested relief." *Id.* at 6. But it's well-settled that "a district court has a general discretionary power to stay proceedings before it in the control of its docket and in the interests of justice." *Hines v. D'Artois*, 531 F.2d 726, 733 (5th Cir. 1976); *see also Ortega Trujillo v. Conover & Co. Commc'ns, Inc.*, 221 F.3d 1262, 1264 (11th Cir. 2000) ("A variety of circumstances may justify a district court stay pending the resolution of a related case in another court. A stay sometimes is authorized simply as a means of controlling the district court's docket and of managing cases before the district court . . . . And, in some cases, a stay might be authorized also by principles of abstention.").

Moreover (as Judge Hunt explained), at least one other district court in this Circuit has *sua sponte* stayed a case in very similar circumstances—*viz.*, where "it ma[de] little sense to continue to authorize the issuance and service of writs of garnishment" when another court could "ultimately determine[ ]" that the authority underlying the writs was erroneous. *Stansell v. Revolutionary Armed Forces of Columbia (FARC)*, 2011 WL 13359372, at *1 (M.D. Fla. Sept. 8, 2011) (Lazzara, J.). In any event, there's nothing improper about an R&R that "recommends imposition of a stay beyond the scope of any requested relief." Objections at 6.

As we've said, a party serving written objections to a report and recommendation must "specifically identify the portions of the proposed findings, recommendations or report to which

4

objection is made, the specific basis for such objections, and supporting legal authority." S.D. FLA. L. MAG. R. 4(B). Our Plaintiffs haven't provided us with any specific bases for their objections—outside of the (mostly irrelevant) fact that the Defendant "did not seek a stay[.]" Objections at 6. Nor have they given us any supporting legal authority for the proposition that, absent a party's request for a stay, federal courts are powerless to issue a temporary stay. Reviewing the matter *de novo*, we find—as the court did in *Stansell*—that the outcome of the Colorado case could "impact this Court's numerous orders granting similar writs of garnishment," *Stansell*, 2011 WL 13359372, at *1, especially if the Colorado court determines that the Defendant was never in default in the first place. Given that the outcome of the Colorado case could determine the course of most of the issues in *our* case, we find that a stay is appropriate.

Finally, the Plaintiffs tell us that, "if a stay is imposed, Plaintiffs object to the failure to impose a bond." Objections at 6. They add that, "should the Court issue a stay and dissolve Plaintiffs' writs of garnishment, the $344,064 in Defendant's Joint Brokerage Account will no longer be frozen and he will more than likely conceal them along with any other assets yet to be uncovered in these post judgment proceedings. The risk that Defendant continues his fraudulent conduct and dissipate all avenues for collection should necessitate a bond if this case is stayed." *Id.* at 7. Although a district court has "broad discretion to determine the appropriate terms on which a stay may be granted, normally the party seeking a stay is required to post a bond sufficient to protect fully the prevailing party's interest in the judgment . . . . The burden is on the party requesting a stay to demonstrate why a bond should not be required under Rule 62(b) [of the Federal Rules of Civil Procedure]. Defendant must show that, in the absence of standard security, Plaintiffs will be properly secured against the risk that Defendant will be less able to satisfy the judgment after disposition of the post-trial motions." *Cont'l Cas. Co. v. First Fin. Emp. Leasing*, 2010 WL 5421337, at *1 (M.D. Fla. Dec. 27, 2010) (Whittemore, J.) (cleaned up). Here, because Judge Hunt recommended a *sua sponte* stay of the

proceedings, the Defendant hasn't had the opportunity to demonstrate "why a bond should not be required" or how "Plaintiffs will be properly secured against" risk. *Ibid.* Accordingly, we **ORDER** the parties to appear before Judge Hunt to determine whether a bond should be issued.

After careful review, therefore, we hereby **ORDER and ADJUDGE** as follows:

1. The Report and Recommendation [ECF No. 163] is **ACCEPTED and ADOPTED** as to the recommendation that we stay this case pending the outcome of the Colorado action.[2]

2. The Plaintiffs' Motion to Commence Proceedings Supplementary to Execution, Implead Third Party into Proceedings, and Issue a Statutory Notice to Appear [ECF No. 151] is **DENIED as moot**.

3. All motions for the issuance of Writs of Garnishment are **DENIED without prejudice**.

4. Within 30 days of this Order, the parties must appear before Judge Hunt for a hearing on whether the Defendant should be required to post a bond.

**DONE AND ORDERED** in the Southern District of Florida on December 15, 2023.

_____
**ROY K. ALTMAN**
**UNITED STATES DISTRICT JUDGE**

cc: counsel of record

---

[2] In the R&R, Judge Hunt recommended that, in the alternative to a stay, "the Writ of Garnishment against [the Defendant's] employer, Maronda Holmes, LLC, should be dissolved as of the time it was served." R&R at 3. Because we've accepted the recommendation to stay the case, we don't adopt this portion of the R&R.

6