UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
CASE NO. 22-61294-CIV-ALTMAN/HUNT

LARRY D. STRUTTON and
CAROLYN A. STRUTTON,

        Plaintiffs,
v.
LESLIE SCOTT ANDERSON

        Defendant.
_____/

## REPORT AND RECOMMENDATIONS

THIS CAUSE is before the undersigned on this Court's prior Order requesting a determination as to whether the Defendant should be required to post a bond. ECF No. 168. Having carefully reviewed the filings in this case, any responses thereto, oral arguments of counsel, the entire record, and applicable law, and being otherwise fully advised in the premises, the undersigned hereby recommends Defendant be required to provide security as outlined below.

This case arises out of a consent judgment entered on January 18, 2018, by the United States Bankruptcy Court for the District of Colorado against Defendant in favor of Plaintiffs. The Parties entered into a forbearance agreement in which Plaintiffs agreed to forgo immediately collecting on the consent judgment's entire amount if Defendant complied with the terms of the agreement. Plaintiffs now contend Defendant breached, thereby entitling Plaintiffs to collect the consent judgment's full amount immediately. Plaintiffs registered the consent judgment before this Court and commenced collections proceedings.

Defendant has long argued he is not in default.  To that end, he filed an action in Colorado seeking a determination as to whether he actually defaulted on the Parties' agreement.[1]  Given that the Colorado case could have a determinative effect on the present case, the undersigned recommended this case be stayed pending its outcome.  The District Court adopted that recommendation and sent the case back to the undersigned for a bond determination.

Plaintiffs correctly note the undersigned found several "badges of fraud" regarding Defendant's transfer of money into a joint brokerage account at the Vanguard Group ("Vanguard") shared with his wife.  Plaintiffs, citing these findings, request the Court to grant them a bond of $2.2 million, or 110 percent of the judgment, as is allowed under the local rules.  Otherwise, Plaintiffs argue, Defendant will abscond with whatever money he has, leaving them with nothing to collect should they succeed in the Colorado case.

Defendant responds that Plaintiffs are not entitled to anything more than they had at the beginning of this dispute, which is nothing other than the payments under the forbearance agreement.  Defendant notes he has continued to make the payments under the plan and contends there is no good reason to believe he will abscond with any money.

Federal Rule of Civil Procedure 62(b), which Plaintiffs argue is operative here, states in relevant part:

> [a]t any time after judgment is entered, a party may obtain a stay by providing a bond or other security. The stay takes effect when the court approves the bond or other security and remains in effect for the time specified in the bond or other security.

---

[1] *See Anderson v. Strutton, et al.*, 23-cv-01608-HEGARTY (D. Colo. June 23, 2023).

The undersigned notes "[t]he purpose of a supersedeas bond is to protect the appellees from a loss resulting from the stay of execution." *Marjam Supply Co. of Fla., LLC v. Pliteq, Inc.*, No. 15-24363-CIV-WILLIAMS/BECERRA, 2021 WL 1929371, at *1 (S.D. Fla. May 3, 2021), *report and recommendation adopted*, No. 15-24363-CIV-WILLIAMS/BECERRA, 2021 WL 1923135 (S.D. Fla. May 13, 2021) (citing *Poplar Grove Planting & Ref. Co. v. Bache Halsey Stuart, Inc.*, 600 F.2d 1189, 1190–91 (5th Cir. 1979); *Prudential Ins. Co. v. Boyd*, 781 F.2d 1494, 1498 (11th Cir. 1986)).  A district court has great discretion in determining a proper bond, up to and including requiring none at all. *See, e.g.*, *Whitesell Corp. v. Electrolux Home Prod., Inc.*, No. CV 103-050, 2019 WL 2448665, at *2 (S.D. Ga. June 10, 2019) ("A district court certainly has the inherent discretionary authority to stay an action and to waive the bond requirement.").  "Ultimately, '[i]t is within the court's discretion to fashion a security arrangement that protects the rights of both the judgment creditor and the judgment debtor.'"  *Id.* (quoting *Prudential Ins. Co. of Am. v. Boyd*, 781 F.2d 1494, 1498 (11th Cir. 1986)) (alterations in original).

Although the undersigned finds Plaintiffs' requested $2.2 million bond unnecessary to achieve this goal, the undersigned nonetheless agrees with Plaintiffs that they deserve some security at this stage of the case.  It is true that in the previous report and recommendation the undersigned determined the facts could justify a finding that Defendant transferred a significant amount of funds to protect them from Plaintiffs' claims. ECF No. 163.  Such a finding could allow Plaintiffs to garnish those funds should the Colorado court determine Defendant is in default.

Given this previous determination, Defendant should not be allowed to disperse those funds pending the outcome of the Colorado case. Fortunately, "Rule 62(b)

specifically provides that a party may obtain a stay by providing 'other security' than a supersedeas bond." *NAI Mobile, LLC v. New Am. Network, Inc.*, No. CV 21-00032-KD-C, 2022 WL 2441760, at *1 (S.D. Ala. July 5, 2022). Indeed, "[t]he 2018 amendment to Rule 62 'makes explicit the opportunity to post security in the form other than a bond.'" *Sec. & Exch. Comm'n v. Mut. Benefits Corp.*, No. 04-60573-CIV-MORENO, 2022 WL 3715982, at *4 (S.D. Fla. Aug. 29, 2022) (citing Fed. R. Civ. P. 62(b) (2018 committee note)); *Deutsche Bank Nat'l Tr. Co. as Tr. for GSAA Home Equity Tr., 2006-18 v. Cornish*, 759 F. App'x 503, 510 (7th Cir. 2019).

Defendant, perhaps anticipating this outcome, has suggested the joint brokerage account at Vanguard would adequately secure Plaintiffs. The undersigned agrees with Defendant that this would be an appropriate security. As the purpose of a bond is to maintain the status quo, this would adequately retain Plaintiffs' access to all funds previously identified as potentially attachable prior to the stay, and, thus, keep the case at the same position as it existed at the time the stay was entered.

## RECOMMENDATION

Based on the foregoing, the undersigned recommends:

Plaintiffs' request for security should be granted to the extent that Defendant should be ordered not to remove any funds from the joint brokerage account held by the Vanguard Group pending the outcome of the Colorado case. Plaintiffs' request should otherwise be denied.

Within fourteen (14) days after being served with a copy of this Report and Recommendation, any party may serve and file written objections to any of the above findings and recommendations as provided by the Local Rules for this district. 28 U.S.C.

4

§ 636(b)(1); S.D. Fla. Mag. R. 4(b).  The parties are hereby notified that a failure to timely object waives the right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions contained in this Report and Recommendation.  11th Cir. R. 3–1 (2018); *see Thomas v. Arn*, 474 U.S. 140 (1985).

DONE AND SUBMITTED at Fort Lauderdale, Florida this 24th day of January 2024.

_____
PATRICK M. HUNT
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Honorable Roy K. Altman

All Counsel of Record