UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 22-cv-61294-ALTMAN/Hunt

**LARRY D. STRUTTON,** *et al.*,

    *Plaintiffs*,

v.

**LESLIE SCOTT ANDERSON**,

    *Defendant*.
_____/

## ORDER ADOPTING REPORT AND RECOMMENDATION

On January 24, 2024, Magistrate Judge Hunt issued a Report and Recommendation (the "R&R") [ECF No. 176], in which he suggested that the "Defendant be required to provide security" while this case is stayed pending the outcome of the Colorado action.[1] *Id.* at 1. According to Judge Hunt, the Defendant, "perhaps anticipating this outcome, . . . suggested the joint brokerage account at Vanguard would adequately secure Plaintiffs." *Id.* at 4. Given this suggestion, and after a careful review of the filings in this case, Judge Hunt recommended that the "Plaintiffs' request for security should be granted to the extent that Defendant should be ordered not to remove any funds from the joint brokerage account held by the Vanguard Group pending the outcome of the Colorado case." *Ibid.* Judge Hunt also issued the following warning:

> Within fourteen (14) days after being served with a copy of this Report and Recommendation, any party may serve and file written objections to any of the above findings and recommendations as provided by the Local Rules for this district. 28 U.S.C. § 636(b)(1); S.D. Fla. Mag. R. 4(b). The parties are hereby notified that a failure to timely object waives the right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions contained in this Report and Recommendation. 11th Cir. R. 3–1 (2018); *see Thomas v. Arn*, 474 U.S. 140 (1985).

*Id.* at 4–5. More than fourteen days have passed, and neither side has objected. *See generally* Docket.

---

[1] *See Anderson v. Strutton, et al.*, 23-cv-01608-HEGARTY (D. Colo. June 23, 2023).

When a magistrate judge's "disposition" has been properly objected to, district courts must review that disposition *de novo*. FED. R. CIV. P. 72(b)(3). But, when no party has timely objected, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." FED. R. CIV. P. 72 advisory committee's notes (citation omitted). Although Rule 72 itself is silent on the standard of review, the Supreme Court has acknowledged that Congress's intent was to require *de novo* review only where objections have been properly filed—and not, as here, when no party objects. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate [judge]'s factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings."). In any event, the "[f]ailure to object to the magistrate [judge]'s factual findings after notice precludes a later attack on these findings." *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988) (citing *Nettles v. Wainwright*, 677 F.2d 404, 410 (5th Cir. 1982)).

Having reviewed the R&R, the record, and the applicable law—and finding no clear error on the face of the R&R—we hereby **ORDER and ADJUDGE** as follows:

1. The Report and Recommendation [ECF No. 176] is **ACCEPTED and ADOPTED** in full.

2. The Defendant shall not remove any funds from the joint brokerage account held by the Vanguard Group while this case is stayed pending the outcome of the Colorado case.

**DONE AND ORDERED** in the Southern District of Florida on February 8, 2024.

_____
**ROY K. ALTMAN**
**UNITED STATES DISTRICT JUDGE**

cc:   counsel of record